UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
RASOOL SALAAM,

                        Plaintiff,

   v.                                    9:03-CV-517
                                           (LEK/GHL)

D. ADAMS, *Facility Nurse*; S. WALSH,
*Facility Nurse*; R.A. GIRDICH,
*Superintendent*,

                        Defendants.
--------------------------------------------------------

**APPEARANCES:**                      **OF COUNSEL:**

RASOOL SALAAM
Plaintiff, *pro se*
05-A-1704

HON. ANDREW M. CUOMO           RISA L. VIGLUCCI, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## ORDER

      This matter comes before the Court on Plaintiff's Motion for an extension of time to file an appeal. Rasool Salaam ("Plaintiff" or "Salaam") filed this action on April 25, 2003. By Order entered September 29, 2006, this Court granted Defendants' Motion for summary judgment and dismissed this action in its entirety. See September 2006 Order (Dkt. No. 46). Plaintiff seeks to appeal that dismissal. The request for an

extension of time was filed November 22, 2006, and dated November 18, 2006.[1]

Under the *Federal Rules of Appellate Procedure* ("FED. R. APP. P."), a notice of appeal in a civil case to which the United States is not a party must be filed within 30 days from the entry of the judgment from which the appeal is taken. See FED. R. APP. P. 4(a)(1). However, FED. R. APP. P. 4(a)(5) provides that a district court may extend the time for filing an appeal for "good cause shown" upon motion filed not later than thirty days after the expiration of the appeal period set forth in Rule 4(a). Rule 4(a)(5) further provides, in relevant part, that:

> No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, *whichever is later*.

FED. R. APP. P. 4(a)(5)(C) (emphasis added).

In the present case, Plaintiff did not file his request for an extension of time to file his appeal until after the initial thirty day appeal period had expired. However, it was filed prior to the time limit set forth in FED. R. APP. P. 4(a)(5). Because more than thirty days have elapsed past the time during which Salaam could properly file a notice of appeal, the Court hereby grants Plaintiff, for good cause shown, an additional **ten (10) days** from the date of entry of this Order within which to file his notice of appeal. See FED. R. APP. P. 4(a)(5).

---

[1] The Second Circuit has held that, due to the "'unique' difficulties faced by *pro se* prisoner litigants", a prisoner's pleading is deemed to be properly filed at the time he hands the papers to the prison authorities for transmittal to the court. Dory v. Ryan, 999 F.2d 679, 681-82 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994); Covington v. City of New York, 916 F. Supp. 282, 286 (S.D.N.Y. 1996). See Houston v. Lack, 487 U.S. 266, 270-76 (1988) (inmate's notice of appeal is deemed filed at the time of delivery to prison authorities).

Thus, Salaam's Motion for an extension of time within which to file a notice of appeal is hereby granted. Accordingly, Plaintiff's notice of appeal, already filed with this Court on December 28, 2006 (Dkt. No. 49), shall be accepted and forwarded to the United States Court of Appeals for the Second Circuit.

WHEREFORE, it is hereby

**ORDERED**, that Plaintiff's Motion for an extension of time within which to file notice of appeal from the judgment dismissing this action (Dkt. No. 48) is **GRANTED**, and Plaintiff's notice of appeal (Dkt. No. 49) shall be **ACCEPTED** and **FORWARDED** to the United States Court of Appeals for the Second Circuit; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:   January 23, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge